PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTAL RAMBO, | ) | |
| | ) | CASE NO.  1:24CV0129 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 13] |

An Administrative Law Judge ("ALJ") denied Plaintiff Crystal Rambo's application for disability insurance benefits ("DIB") after a hearing in the above-captioned case.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Carmen E. Henderson for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report & Recommendation (ECF No. 12) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

(1:24CV0129)

## I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b).  Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial evidence

(1:24CV0129)

would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

**II.**

The Court has reviewed the Report & Recommendation (ECF No. 12) *de novo*.  The Court has also considered Plaintiff's Objections to the Report & Recommendation (ECF No. 13) and Defendant's Response (ECF No. 14).  Plaintiff requests that the Court reverse the Commissioner's decision and order an immediate award of benefits, or at least remand the case

3

(1:24CV0129)

to the Commissioner so the ALJ can have an opportunity to explain her reasoning or correct her

errors.  *See* ECF No. 13 at PageID #: 983.

Plaintiff claims she is disabled due to the following severe impairments:  Degenerative

Joint Disease of the Bilateral Shoulders; Mild Degenerative Disc Disease of the Lumbar Spine;

Migraines; Chronic Obstructive Pulmonary Disease ("COPD"); Ulnar Neuropathy of the Right

Upper Extremity; Hypertension; Major Depressive Disorder ("MDD"); and, Generalized Anxiety

Disorder ("GAD").  *See* Decision of the ALJ (ECF No. 7 at PageID #: 39).  The magistrate judge

recommends that the Court affirm the final decision of the Commissioner denying Plaintiff's

application for DIB.  After carefully reviewing the law, the parties' arguments, and the evidence

of record, the Court concludes that the ALJ correctly assessed the proffered evidence and

correctly applied the law to that evidence.

## III.

Plaintiff objects to the finding of the magistrate judge that the ALJ did not err in her

analysis of Anyi Asongacha, CNP's medical opinion.  The ALJ found that Nurse Practitioner

Asongacha, a treating source, opined Plaintiff  "would be off task for 10% of an average typical

work week, her impairments and treatment would cause her to be absent from work twice a

month, and claimant's impairments cause moderate functional limitations."  Decision of the ALJ

(ECF No. 7 at PageID #: 49).[1]  The ALJ noted, however, "regarding the off task and absenteeism

limitations, the undersigned finds the nurse practitioner's opinion to be non-persuasive, as said

---

[1]  The vocational expert testified these off task and absenteeism limitations would
be work preclusive.  *See* Transcript of Oral Hearing (ECF No. 7 at PageID #: 85).

4

(1:24CV0129)

opinion is neither consistent with nor supported by the totality of the record, which documents a

history of conservative care for the claimant's severe mental impairments.  In this regard, the

undersigned notes that the record fails to document recurring emergency care or inpatient

hospitalizations for mental impairments."  Decision of the ALJ (ECF No. 7 at PageID #: 49).

An ALJ is charged with determining a claimant's residual functional capacity ("RFC")

based on all the relevant evidence in the claimant's record.  *See* 20 C.F.R. §§ 404.1545(a)(1);

404.1546(c); *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009).  That includes

medical opinion evidence.  Consistent with the regulations, the ALJ in the case at bar evaluated

the evidence and assessed Plaintiff's RFC, finding that she had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a), except she could
> occasionally push and/or pull with the bilateral upper extremities; she could
> frequently climb and stairs (sic); she could frequently balance, stoop, kneel,
> crouch, and crawl; she should avoid overhead reaching with the bilateral upper
> extremities, but she could frequently handle and finger with the bilateral upper
> extremities; she should avoid concentrated exposure to noise, fumes, odors, dusts,
> gases, and poor ventilation; she should avoid hazards, including moving
> machinery, heavy machinery, and unprotected heights; she should avoid
> concentrated exposure to bright light, such as in a warehouse, assembly line, or
> construction spotlights; she could occasionally interact with coworkers,
> supervisors and public; she should avoid positions that require managerial skills,
> persuasion skills, mediation skills, or conflict resolution skills; she could perform
> jobs with occasional changes that are well explained; and she would be off task
> for 5% of the workday.

Decision of the ALJ (ECF No. 7 at PageID #: 44) (bold typeface deleted).

The Social Security Administration's regulations for evaluating medical opinion evidence

require ALJs to evaluate the "persuasiveness" of medical opinions "using the factors listed in

paragraphs (c)(1) through (c)(5)" of the regulation.  20 C.F.R. § 404.1520c(a); *see Jones v.

Comm'r of Soc. Sec.*, No. 3:19CV1102, 2020 WL 1703735, at *2 (N.D. Ohio April 8, 2020).

5

(1:24CV0129)

The five factors to be considered are supportability, consistency, relationship with the claimant, specialization, and other factors.  20 C.F.R. § 404.1520c(c)(1)-(5).  The most important factors are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  ALJs must explain how they considered consistency and supportability, but need not explain how they considered the other factors.  20 C.F.R. § 404.1520c(b)(2).

Plaintiff argues the ALJ failed to show her work, *i.e.*, to explain in detail how the factors actually were applied in the present case, to each medical source.  *See Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021 WL 4905438, at *5 (S.D. Ohio Oct. 21, 2021).  The Court agrees with the magistrate judge that the ALJ explained her consideration of the supportability and consistency factors when determining that Nurse Practitioner Asongacha's medical opinion was partially persuasive, especially given that Asongacha's treatment records were included in the record.  *See* ECF No. 12 at PageID #: 977.

Plaintiff submitted for the record the following documents from Nurse Practitioner Asongacha:  Psychiatric Progress Note dated December 4, 2022 (ECF No. 7 at PageID #: 686-90); Psychiatric Progress Note dated November 18, 2022 (ECF No. 7 at PageID #: 691-94); Psychiatric Progress Note dated November 4, 2022 (ECF No. 7 at PageID #: 695-98); Psychiatric Progress Note dated April 12, 2022 (ECF No. 7 at PageID #: 707-11); Psychiatric Progress Note dated March 15, 2022 (ECF No. 7 at PageID #: 713-17); Psychiatric Progress Note dated February 8, 2022 (ECF No. 7 at PageID #: 718-22); and, Psychiatric Progress Note dated November 9, 2021 (ECF No. 7 at PageID #: 748-52).

6

(1:24CV0129)

In addition, Plaintiff submitted a Mental Impairment Questionnaire from Nurse

Practitioner Asongacha dated January 13, 2023 (ECF No. 7 at PageID #: 927-30), which is in a

checkbox form.  The Questionnaire notes Plaintiff's diagnoses of MDD and GAD.  *See* ECF No.

7 at PageID #: 927.  It provides that Plaintiff would be off task for 10% of an average typical

work week.  *See* ECF No. 7 at PageID #: 927.  It also provides that Plaintiff's impairments or

treatment would cause her to be absent from work twice a month.  *See* ECF No. 7 at PageID #:

928.  But the Questionnaire does not provide any support for Asongacha's findings, except

noting Plaintiff's diagnoses and checking boxes indicating Plaintiff's signs and symptoms such

that the ALJ could have rejected the opinion because "an ALJ may properly give little weight to a

medical source's check-box form of functional limitations when it does not cite clinical test

results, observations, or other objective findings."  *Kreilach v. Comm'r of Soc. Sec.*, 621 F.

Supp.3d 836, 847 (N.D. Ohio 2022) (citing *Ellars v. Comm'r of Soc. Sec.*, 647 Fed.Appx. 563,

567 (6th Cir. 2016) (collecting cases)); *see also Kushnerski v. O'Malley*, No. 1:23CV0904, 2024

WL 3218085, at *3 (N.D. Ohio June 28, 2024) (Pearson, J.) (concluding the ALJ had good

reason to accord little weight to the opinion of Plaintiff's treating psychiatrist when Plaintiff had

submitted for the record two documents from the psychiatrist which were in a checkbox form).

The checkbox form of Nurse Practitioner Asongacha's opinion provides further support for the

ALJ's decision to discount Asongacha's opinion on supportability grounds.  Moreover, "any

failure . . . by the ALJ to provide good reasons for rejecting the opinion contained in a patently

deficient checkbox form is harmless error."  *Hunt v. Comm'r of Soc. Sec.*, No. 1:21CV0075,

2022 WL 4599246, at *3 (N.D. Ohio Sept. 29, 2022).  The Court agrees with the magistrate

7

(1:24CV0129)

judge that "the opinion is patently deficient such that any error by the ALJ in considering it was harmless."  ECF No. 12 at PageID #: 978.

Ultimately, the ALJ's RFC determination in the present case was sufficiently supported by the objective evidence and medical opinions.  Given the body of evidence in the record and the ALJ's thorough consideration of that evidence, the Court cannot find that the ALJ's evaluation of the medical opinion evidence or the RFC lacked the support of substantial evidence.

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 13) are overruled.  The Report & Recommendation (ECF No. 12) is adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

  October 21, 2024                            */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                            United States District Judge

8